GEORGE P. MOSCHOPOULOS (SBN 249905)
**THE LAW OFFICE OF**
**GEORGE MOSCHOPOULOS, APC**
34197 Pacific Coast Highway, Suite 100
Dana Point, California 92629
Telephone: 714.904.1669
Facsimile:  949.272.0428
Email: GeorgeM@logmapc.com

Rhonda H. Wills
*Pro Hac Vice* Pending
**Wills Law Firm, PLLC**
1776 Yorktown, Suite 570
Houston, Texas 77056
(T): 713-528-4455
(F): 713-528-2047
(E): rwills@rwillslawfirm.com

Attorneys for Defendant,
WILLIAM "SMOKEY" ROBINSON, JR.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC PODWALL, an individual, | ) Case No. |
|           Plaintiff, | ) |
| | ) |
|     vs. | ) **DECLARATION OF GEORGE** |
| | ) **MOSCHOPOULOS, ESQ. IN** |
| WILLIAM "SMOKEY" ROBINSON, JR., | ) **SUPPORT OF DEFENDANT'S** |
| an individual, | ) **NOTICE OF REMOVAL** |
| | ) |
|         Defendant. | )   Removed from Superior Court of |
| | )   Los Angeles County, Case No. |
| | )   BC627335 |
| | ) |
| | ) |
| | ) |

- 1 -

**DECLARATION OF GEORGE MOSCHOPOULOS, ESQ. IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL**
*[Podwall v. William "Smokey" Robinson, Jr.]*

## DECLARATION

I, GEORGE MOSCHOPOULOS, ESQ., declare as follows:

1.     I am an attorney duly licensed to practice before this Court and before all of the courts of the state of California.  I am the managing attorney of The Law Office of George Moschopoulos, APC and am counsel for Defendant William "Smokey" Robinson, Jr.  I have personal knowledge of the matters set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2.     Attached hereto as **Exhibit A** is a true and correct copy of the documents filed in the California Superior Court for the County of Los Angeles for the case entitled *Podwall v. William "Smokey" Robinson, Jr.*, case number LASC BC627335.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed this 15th Day of August, 2016, in Dana Point, California.

_____
George Moschopoulos
*Declarant*

**DECLARATION OF GEORGE MOSCHOPOULOS, ESQ. IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL**
[*Podwall v. William "Smokey" Robinson, Jr.*]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

**EXHIBIT A TO DECLARATION OF GEORGE MOSCHOPOULOS, ESQ. IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL**
*[Podwall v. William "Smokey" Robinson, Jr.]*

A6028    90069

Bryan J. Freedman, Esq. (SBN 151990)
Jordan Susman, Esq. (SBN 246116)
FREEDMAN + TAITELMAN, LLP
1901 Avenue of the Stars, Suite 500
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045
E-mail: bfreedman@ftllp.com
E-mail: jsusman@ftllp.com

Attorneys for Plaintiff Eric Podwall

**FILED**
Superior Court of California
County of Los Angeles

JUL 1 5 2016

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Moses Soto

69 - Fahey

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

ERIC PODWALL, an individual,

        Plaintiff,

        vs.

WILLIAM "SMOKEY" ROBINSON, JR., an individual,

        Defendant.

Case No.: **BC 6 2 7 3 3 5**

Unlimited Civil Case
Demand in excess of $25,000

**COMPLAINT FOR:**

**(1) BREACH OF CONTRACT**

**(2) DECLARATORY RELIEF**

**(3) QUANTUM MERUIT**

**(4) ACCOUNTING**

**DEMAND FOR JURY TRIAL**

07/15/2016

RECEIPT #: CCH524830029
DATE PAID: 07/15/16
PAYMENT: $435.00
RECEIVED: 08:33 AM
       310
CHECK: $435.00
CASH: $0.00
CHANGE: $0.00
CARD: $0.00

CIT/CASE:
LEA/DEF#:
BC627335

**COMPLAINT**

**EXHIBIT A**

1    Plaintiff Eric Podwall ("Podwall" or "Plaintiff") alleges causes of action against

2    defendant William "Smokey" Robinson, Jr. ("Robinson") as follows:

3                                    **INTRODUCTION**

4        1.      Defendant Smokey Robinson is well known to the public as the Motown legend

5    behind such hits as *The Tracks of My Tears* and *The Tears of a Clown*. In private, however,

6    Robinson sheds no tears for the person who has been responsible for his recent successes, talent

7    manager Eric Podwall. When Podwall met Robinson four years ago, Robinson had not released

8    a successful record in decades and was spending his time touring the same venues year in and

9    year out.

10       2.      In 2012, Robinson signed a binding written agreement with Podwall, pursuant to

11   which Podwall provided Robinson management services. In return, Robinson agreed to pay

12   Podwall ten percent (10%) of all compensation Robinson receives for Robinson's services

13   rendered or created during the term of the agreement. Consistent with the agreement, Podwall

14   provided Robinson with management services that revived Robinson's recording and touring

15   career. Among other things, Podwall helped secure Robinson a recording agreement that

16   resulted in Robinson's first hit record since the 1980s. In addition, Podwall was instrumental in

17   closing an agreement to manage Robinson's performance royalties.

18       3.      Despite these successes, and in blatant disregard of the express language of the

19   agreement, Robinson has refused to pay Podwall commissions due and owing to him.

20       4.      Through this action, Podwall seeks the payment of monies due and owing to him

21   under his management agreement with.

22                      **FACTS COMMON TO ALL CAUSES OF ACTION**

23       5.      Plaintiff Podwall is a resident of Los Angeles County, California.

24       6.      On information and belief, Robinson is a resident of Los Angeles County,

25   California.

26       7.      The Court has jurisdiction over this matter because a substantial portion of the

27   wrongful conduct and omissions complained of herein occurred in the State of California and

28   caused injury to a California resident. Among other reasons, venue is proper in the County of

---

1

**COMPLAINT**

1  Los Angeles pursuant to California Code of Civil Procedure §395(a) because the contract at issue

2  herein was entered into and required performance in the County of Los Angeles, State of

3  California.

### Robinson Agrees To Pay Podwall Ten Percent Of His Earnings

4

5  8.  Podwall is a well-regarded talent and music manager with more than 20 years of

6  experience in the music and entertainment industries. Podwall's clients range from young

7  cutting edge performers to music industry legends.

8  9.  Podwall first met Robinson in 2012. At the time, Robinson had not had a hit

9  record in decades and his career was spent touring the same casinos and other tired venues.

10  10.  On or about September 10, 2012, Podwall and Robinson entered into a binding

11  written agreement ("Management Agreement"), pursuant to which Robinson engaged Podwall as

12  his personal manager. Per the express terms of the Management Agreement, Robinson agreed to

13  pay Podwall ten percent (10%) of all "gross compensation derived from all products of

14  [Robinson's] services initially rendered or created" during the term of the agreement. A true and

15  correct copy of the Management Agreement is attached hereto as Exhibit 1 and incorporated by

16  this reference.

17  11.  The initial term of the Management Agreement was 18 months from the date of

18  execution, followed by consecutive one-year extensions. The initial term of the Agreement

19  concluded on March 10, 2014 and was automatically extended for another year on that date. Per

20  the Management Agreement's express terms, it was most recently extended on March 10, 2016

21  and remains in full force and effect.

### Podwall Helps Revive Robinson's Career

22

23  12.  Consistent with the Management Agreement, Podwall has diligently served as

24  Robinson's manager, providing career advice, taking care of Robinson's business arrangements,

25  and charting the course of Robinson's career.

26  13.  Among other things, Podwall was instrumental in securing Robinson a recording

27  agreement with Verve Records for an album of duets, and arranging for Robinson to record with

28  a who's who of A-list artists, including Elton John, Steven Tyler, John Legend, Gary Barlow,

Doc# 1 Page# 3 - Doc ID = 1658019327 - Doc Type = OTHER

1    James Taylor, JC Chasez, Aloe Blacc, and Miguel.  That album, *Smokey & Friends* peaked at

2    number two on the R&B charts and became the second best-selling record of Robinson's solo

3    career.

4         14.    In addition, Podwall presented Robinson with innovative methods to increase the

5    profitability of his touring revenue.

6         15.    Despite repeated demands that he do so, however, Robinson has refused to pay

7    Podwall commissions from Robinson's touring, performing, or recording activities.

8              **Podwall Helps Negotiate A Royalty Agreement For Robinson**

9         16.    When a song is publicly broadcast, the songwriter and publisher are entitled to

10   receive income from the broadcasters.  Such royalties are monitored, collected, and paid to artists

11   by performing rights organizations ("PRO").

12        17.    In 2014, Robinson's attorney John Mason was involved in negotiating an

13   agreement with Global Music Rights ("GMR") for GMR to be Robinson's PRO and collect

14   broadcast royalties on behalf of Robinson.

15        18.    On information and belief, Mason flagrantly breached his fiduciary duties to

16   Robinson in these negotiations by demanding that GMR pay $1 million to an entity run by

17   Mason and Kerry Gordy (another of Mason's clients) in order to have access to Robinson's

18   catalogue.

19        19.    On information and belief, the proposed agreement between GMR and Robinson

20   was on the verge of collapse as a result of Mason's self-interested demand.

21        20.    Consequently, GMR reached out to Podwall for help, and Robinson requested that

22   Podwall intervene and complete the negotiations with GMR on his behalf.  Podwall then

23   successfully closed the GMR deal on terms even more favorable to Robinson than had

24   previously been offered.

25        21.    Despite repeated demands that he do so, however, Robinson has refused to pay

26   Podwall any commissions from the GMR deal.

27            **Robinson Wrongly Tries To Terminate The Management Agreement**

28        22.    In January 2016, Podwall received a letter from Robinson dated December 18,

**3**
**COMPLAINT**

1   2015, which purported to terminate the Management Agreement ("Purported Termination

2   Letter").

3        23.     The Purported Termination Letter is a nullity, as the Management Agreement

4   expressly requires that either party provide notice and 30 days to cure any problem before it can

5   be terminated. Therefore, even if Robinson wanted to terminate the Management Agreement

6   with the Purported Termination Letter, he failed to do so, as he did not give Podwall notice of his

7   purported grievance or an opportunity to cure.

8   <u>**FIRST CAUSE OF ACTION**</u>

9   <u>**(Breach of Contract Against Robinson)**</u>

10        24.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1

11   through 23 as though fully set forth herein.

12        25.     In 2012, Podwall and Robinson entered into the Management Agreement,

13   pursuant which Robinson agreed to pay Podwall ten percent (10%) of all gross compensation

14   derived from all products of Robinson's services rendered or created by Robinson during the

15   term of the Management Agreement, including without limitation all recording agreements, live

16   performances, and the GMR deal.

17        26.     Podwall has performed all conditions, covenants, and promises required to be

18   performed on his part in accordance with the terms and conditions of the Management

19   Agreement.

20        27.     On information and belief, since entering into the Management Agreement,

21   Robinson has received compensation from his recording, performing, and touring activities as

22   well as from the GMR deal.

23        28.     Robinson has breached the Management Agreement by failing and refusing to pay

24   commissions due and owing to Podwall from Robinson's income described above.

25        29.     As a direct, proximate and foreseeable consequence of the breach of the

26   Management Agreement by Robinson, Podwall has suffered damages, and will continue to suffer

27   damages in excess of the minimum jurisdictional amount, according to proof at trial.

28   ///

**4**

**COMPLAINT**

## SECOND CAUSE OF ACTION

### (Declaratory Relief Against Robinson)

30.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 29 as though fully set forth herein.

31.     Pursuant to the Management Agreement, Robinson agreed to pay Podwall ten percent (10%) of all gross compensation derived from all products of Robinson's services rendered or created by Robinson during the term of the Management Agreement.  In addition, the Management Agreement requires that either party provide notice and 30 days to cure any problem before the Management Agreement can be terminated.  Because Podwall has not received a notice to cure, the Management Agreement remains in full force and effect.

32.     Robinson contends that the Management Agreement is not an enforceable agreement and/or it has been terminated per the Purported Termination Letter.

33.     Accordingly, there is a present controversy between Podwall and Robinson as to whether and to what extent Robinson owes commissions to Podwall.

34.     Therefore, Podwall seeks a judicial declaration that (1) the Management Agreement is a valid and enforceable agreement between him and Robinson, (2) Robinson is obligated to pay to Podwall ten percent (10%) of any income that Robinson receives at any time in the future in connection with all agreements Robinson entered, or enters, since September 10, 2012, including without limitation, ten percent of compensation that Robinson receives from his recording, performing, and touring activities as well as from the GMR deal.

## THIRD CAUSE OF ACTION

### (Quantum Meruit Against Robinson)

35.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 5 through 9 and 12 through 23 as though fully set forth herein.

36.     As alleged hereinabove, Podwall provided management services to Robinson.

37.     Robinson accepted, used and enjoyed, and is and continuing to use and enjoy, the benefits of Podwall's management services.

38.     The fair and reasonable value of the management services provided by Podwall to

Doc# 1 Page# 6 - Doc ID = 1658019327 - Doc Type = OTHER

1 | Robinson is equal to no less than ten percent (10%) of the gross earnings derived by Robinson
2 | for all entertainment industry engagements during the relevant period.

3     39.     Podwall has made demand on Robinson for payment of the reasonable value of
4 | his management services provided.  Robinson, however, has failed and refused to make payment
5 | to Podwall as demanded.

## FOURTH CAUSE OF ACTION

### (Accounting Against Robinson)

8     40.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1
9 | through 34 as though fully set forth herein.

10     41.     As alleged hereinabove, Podwall provided management services to Robinson
11 | pursuant to the Management Agreement.

12     42.     Pursuant to the Management Agreement, Podwall is entitled to a ten percent
13 | (10%) commission on all income that Robinson receives from Robinson's services and creations.

14     43.     On information and belief, Robinson has received monies that are
15 | commissionable under the terms of the Management Agreement, but for which Robinson has not
16 | accounted to Podwall.

17     44.     Podwall hereby demands an accounting of all amounts of income that Robinson
18 | received from the foregoing sources so that Podwall can determine the amount of commissions
19 | that Robinson owes Podwall.

21     WHEREFORE, Plaintiff prays for judgment against Robinson as follows:

22 | On Plaintiff's First Cause of Action for Breach of Written Contract:

23     1.     For compensatory damages according to proof at trial.

24     2.     For consequential damages according to proof at trial.

25 | On Plaintiff's Second Cause of Action for Declaratory relief:

26     1.     For a judicial declaration that that (1) the Management Agreement is a valid and
27 | enforceable agreement between him and Robinson, and (2) Robinson is obligated to pay
28 | to Podwall ten percent (10%) of any income that Robinson receives at any time in the

1 future in connection with all agreements Robinson entered, or enters, into between

2 September 10, 2012 and when the current term of the Management Agreement expires on

3 March 10, 2017, including without limitation, ten percent of the compensation Robinson

4 receives from his touring, performing, and recording activities as well as the GMR deal.

5 On Plaintiff's Third Cause of Action for Quantum Meruit:

6     1.     For compensatory damages according to proof at trial.

7 On Plaintiff's Fourth Cause of Action for Accounting:

8     1.     For an accounting of all sums due from Robinson to Podwall pursuant to the

9 Management Agreement.

10 On All Causes of Action:

11     1.     For prejudgment interest on the damages;

12     2.     For costs of suit incurred herein; and

13     3.     For such other and further relief as the Court may deem just and proper.

14

15

16 Dated:  July 15, 2016                FREEDMAN + TAITELMAN, LLP

17                           By:

18                            Bryan J. Freedman
                           Attorneys for Plaintiff Eric Podwall

19

20

21

22

23

24

25

26

27

28

**7**

**COMPLAINT**

07/15/2016

**EXHIBIT 1**

September 10, 2012

Re:  Smokey Robinson -w- Podwall Entertainment Inc.

Dear Smokey:

We are thrilled at the opportunity to work with you and humbled by the trust you are placing in my company and me.

Below are the terms upon which I am offering to work with you as personal manager:

1.    Term
Initial Period of 18 months, followed by consecutive one year extensions, which either of us can terminate at least 30 days before the end of the current period.  Effective September 10, 2012.

2.    Commission
Ten percent of gross compensation derived from all products of your services initially rendered or created from and after the date you send the email response agreeing to this deal, except, I will not be entitled to commission on any live performance ticket sales for engagements booked prior to the date of this agreement, nor any other live engagements performed prior to June 1, 2013 unless you and I agree otherwise.  For avoidance of doubt, there will be no commission at any time on any royalties earned for products exploited prior to the term of this  agreement and there will be no commission on publishing income for compositions not included on recordings released during the term of this agreement.

3.    No Agency
You acknowledge I am not an agent, and that you are responsible for paying agents.

4.    Expenses
If I travel or incur other expenses on your behalf which you have approved, you will reimburse me upon presentation of relevant documentation.

5.    Notice and Cure
If I either of us feel the other has breached this agreement, the aggrieved party will notify the other and the other will have 30 days to cure the problem.
Signatures below will confirm the deal above.

ARTIST:                                                    MANAGER:

Smokey Robinson          9/12/12          Eric Podwall          9/12/12
Smokey Robinson          Date                     Eric Podwall          Date

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Bryan J. Freedman, Esq. (SBN: 151990)<br>Jordan Susman, Esq. (SBN: 246116)<br>Freedman + Taitelman, LLP<br>1901 Avenue of the Stars, Suite 500<br>Los Angeles, CA 90067 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>JUL 1 5 2016<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____, Deputy<br>Moses Soto |

TELEPHONE NO.: (310) 201-0005   FAX NO.: (310) 201-0045
ATTORNEY FOR *(Name):*  Plaintiff Eric Podwall

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012-3014
BRANCH NAME: Central District

CASE NAME:  Podwall v. Robinson

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: **BC 6 2 7 3 3 5** |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [X] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action *(specify):*  1) Breach of Contract; 2) Declaratory Relief; 3) Quantum Meruit; and 4) Accounting

5. This case [ ] is  [X] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  July 15, 2016

Bryan J. Freedman, Esq.
_____
(TYPE OR PRINT NAME)                                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
& Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
      Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
      *case involves an uninsured*
      *motorist claim subject to*
      *arbitration, check this item*
      *instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
      Asbestos Property Damage
      Asbestos Personal Injury/
            Wrongful Death
Product Liability *(not asbestos or*
      *toxic/environmental)* (24)
Medical Malpractice (45)
      Medical Malpractice–
            Physicians & Surgeons
      Other Professional Health Care
            Malpractice
Other PI/PD/WD (23)
      Premises Liability (e.g., slip
            and fall)
      Intentional Bodily Injury/PD/WD
            (e.g., assault, vandalism)
      Intentional Infliction of
            Emotional Distress
      Negligent Infliction of
            Emotional Distress
      Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
      Practice (07)
Civil Rights (e.g., discrimination,
      false arrest) *(not civil*
      *harassment)* (08)
Defamation (e.g., slander, libel)
      (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
      Legal Malpractice
      Other Professional Malpractice
            *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
      Breach of Rental/Lease
            Contract *(not unlawful detainer*
            *or wrongful eviction)*
      Contract/Warranty Breach—Seller
            Plaintiff *(not fraud or negligence)*
      Negligent Breach of Contract/
            Warranty
      Other Breach of Contract/Warranty
Collections (e.g., money owed, open
      book accounts) (09)
      Collection Case—Seller Plaintiff
      Other Promissory Note/Collections
            Case
Insurance Coverage *(not provisionally*
      *complex)* (18)
      Auto Subrogation
      Other Coverage
Other Contract (37)
      Contractual Fraud
      Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
      Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
      Writ of Possession of Real Property
      Mortgage Foreclosure
      Quiet Title
      Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
      *drugs, check this item; otherwise,*
      *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
      Writ–Administrative Mandamus
      Writ–Mandamus on Limited Court
            Case Matter
      Writ–Other Limited Court Case
            Review
Other Judicial Review (39)
      Review of Health Officer Order
      Notice of Appeal–Labor
            Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
      *(arising from provisionally complex*
      *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
      Abstract of Judgment (Out of
            County)
      Confession of Judgment *(non-*
            *domestic relations)*
      Sister State Judgment
      Administrative Agency Award
            *(not unpaid taxes)*
      Petition/Certification of Entry of
            Judgment on Unpaid Taxes
      Other Enforcement of Judgment
            Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
      *above)* (42)
      Declaratory Relief Only
      Injunctive Relief Only *(non-*
            *harassment)*
      Mechanics Lien
      Other Commercial Complaint
            Case *(non-tort/non-complex)*
      Other Civil Complaint
            *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
      Governance (21)
Other Petition *(not specified*
      *above)* (43)
      Civil Harassment
      Workplace Violence
      Elder/Dependent Adult
            Abuse
      Election Contest
      Petition for Name Change
      Petition for Relief from Late
            Claim
      Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

| SHORT TITLE: Podwall v. Robinson | CASE NUMBER BC 627 335 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES  CLASS ACTION? [ ] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL  5  [ ] HOURS/ [X] DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.3.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

LA-CV109

| SHORT TITLE: Podwall v. Robinson | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☒ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Podwall v. Robinson | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No: | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

| LACIV 109 (Rev 3/15)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION** | Local Rule 2.3<br>Page 3 of 4 |
|---|---|---|

| SHORT TITLE: Podwall v. Robinson | CASE NUMBER |
|---|---|
| | |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| | ADDRESS:   710 N. Orlando Ave. |
|---|---|
| **REASON:**  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1.☐2.☐3.☐4.☒5.☐6.☐7.☐8.☐9.☐10.☐11. | |

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|
| Los Angeles | CA | 90069 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____ courthouse in the _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd. (a).

Dated: ___2/15/16___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

69

**FILED**
Superior Court of California
County of Los Angeles
FILE STAMP

JUL 18 2016

Sherri R. Carter, Executive Officer/Clerk
By _E.R. Laskey_ Deputy
E.R. Laskey

NOTICE SENT TO:

Freedman + Taitelman, LLP
1901 Avenue of the Stars, Suite 500
Los Angeles          CA    90067

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| ERIC PODWALL | Plaintiff(s), | BC627335 |
| VS. | | |
| WILLIAM ROBINSON JR | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for _November 15, 2016_ at _8:30 am_ in _Dept. 69_ at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:      THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: _July 18, 2016_

_____
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[X] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: _July 18, 2016_

Sherri R. Carter, Executive Officer/Clerk

by _E.R. Laskey_ Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Three

69

| | |
|---|---|
| NOTICE SENT TO:<br><br>Freedman + Taitelman, LLP<br>1901 Avenue of the Stars, Suite 500<br>Los Angeles    CA   90067 | **FILED**<br>~~FILE STAMP~~<br>Superior Court of California<br>County of Los Angeles<br><br>JUL 18 2016<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By *E.R. Laskey* Deputy<br>E.R. Laskey |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | CASE NUMBER |
|---|---|
| ERIC PODWALL<br><span style="padding-left:4em"></span>Plaintiff(s),<br><span style="padding-left:4em"></span>VS.<br>WILLIAM ROBINSON JR<br><span style="padding-left:4em"></span>Defendant(s). | BC627335 |
| | **ORDER TO SHOW CAUSE HEARING** |

To the party/attorney of record:_

You are ordered to appear for an Order to Show Cause Hearing on _September 16, 2016_ at _8:30 am_ in _Dept. 69_ of this court, Central District, 111 North Hill Street, Los Angeles, California 90012, and show cause why sanctions should not be imposed for:

**Failure to file Proof of Service of [ ] Petition [X] Summons and [X] Complaint [ ] Cross-Complaint pursuant to California Rules of Court, rule 3.110(b) and (c) as to:_**

_

Failure to comply or appear may result in sanctions, pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[X] To avoid a mandatory appearance all required documents must be filed in [ ] this Dept [X] Clerk's Office, Room _102_ at least 5 court days prior to the date of the hearing.

[ ] The Court may infer from your failure to appear that possession of the premises is no longer at issue, and that your case is not entitled to preference in setting pursuant to Code of Civil Procedure section 1179a.

[X] You are ordered to give notice of said hearing forthwith to any party served with summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office at least 5 court days prior to the date of the hearing.

Dated: _July 18, 2016_

_____
Judicial Officer

## CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date: _July 18, 2016_

Sherri R. Carter, EXECUTIVE OFFICER/CLERK

By _E. R. Laskey_ , Deputy Clerk

ORDER TO SHOW CAUSE HEARING

LACIV 166-1 (Rev. 09/08)
LASC Approved 06-04

LASC Local Rules, Chapter 7
Cal. Rules of Court, rule 2.30

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>Bryan J. Freedman, Esq. (SBN: 151990)<br>Jordan Susman, Esq. (SBN: 246116)<br>Freedman + Taitelman, LLP<br>1901 Avenue of the Stars, Suite 500<br>Los Angeles, CA 90067<br>(310) 201-0005<br>ATTORNEY FOR (Name): Plaintiff Eric Podwall | STATE BAR NUMBER: | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>JUL 18 2016<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____ Deputy<br>Raul Sanchez |
|---|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS: 111 N. Hill St., Los Angeles, CA 90012-3014

PLAINTIFF/PETITIONER: Eric Podwall

DEFENDANT/RESPONDENT: William "Smokey" Robinson, Jr.

| **PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**<br>**(Code Civ. Proc., § 170.6)** | CASE NUMBER:<br><br>BC627335 |
|---|---|

| Name of Judicial Officer: (PRINT)<br><br>Hon. William F. Fahey | Dept. Number:<br><br>69 |
|---|---|
| [X] Judge | [ ] Commissioner | [ ] Referee |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

---

# DECLARATION

**I declare under penalty of perjury, under the laws of the State of California, that the information entered on this form is true and correct.**

Filed on behalf of: Eric Podwall
　　　　　　　　　　　Name of Party

| [X] Plaintiff/Petitioner | [ ] Cross Complainant |
| [ ] Defendant/Respondent | [ ] Cross Defendant |
| [ ] Other: | |

Dated: July 18, 2016

_____
Signature of Declarant

Jordan Susman
Printed Name

LACIV 015 (Rev. 12-14)
LASC Approved 04-04
For Optional Use

**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**
**(Code Civ. Proc., § 170.6)**

Code Civ. Proc., § 170.6

LA-CV015

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
BRYAN J. FREEDMAN, ESQ. | SBN: 151990
FREEDMAN & TAITELMAN, LLP
1901 AVENUE OF THE STARS, SUITE 500
LOS ANGELES, CA 90067
TELEPHONE NO.: (310) 201-0005 | FAX NO. (310) 201-0045 | E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff: ERIC PODWALL

FOR COURT USE ONLY

**FILED**
Superior Court of California
County of Los Angeles

JUL 26 2016

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Raul Sanchez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

PLAINTIFF/PETITIONER: ERIC PODWALL, ETC.

DEFENDANT/RESPONDENT: WILLIAM "SMOKEY" ROBINSON, JR., ETC

CASE NUMBER:
BC627335  D. 69

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: 1624.2 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet
   e. [ ] Cross-complaint
   f. [X] other *(specify documents):* CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT-UNLIMITED CIVIL CASE; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

3. a. Party served *(specify name of party as shown on documents served):*
   **WILLIAM "SMOKEY" ROBINSON, JR., AN INDIVIDUAL**

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: **22636 ZALTANA STREET**
   **CHATSWORTH, CA 91311**

5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*     (2) at *(time):*

   b. [X] **by substituted service.** On *(date):* 07/16/2016 at *(time):* 05:36 pm I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*
   **"JOHN DOE" (REFUSED TO PROVIDE FULL NAME) - GUARD**
   **Age: 21-31 yrs. Weight: 160-170 lbs. Hair: Black Sex: Male Height: 5 ft. 8-10 in. Eyes: Brown Race: Caucasian**

   (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) [X] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*      or [X] a declaration of mailing is attached.

   (5) [X] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

07/27/2016

Page 1 of 2

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS010-1/873364CR

| | |
|---|---|
| PETITIONER:  ERIC PODWALL, ETC.<br><br>RESPONDENT:  WILLIAM "SMOKEY" ROBINSON, JR., ETC | CASE NUMBER:<br><br>BC627335 |

c. ☐ **by mail and acknowledgment of receipt of service.**  I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                  (2) from  *(city):*

    (3) ☐ with two copies of the  *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☒ as an individual defendant.

    b. ☐ as the person sued under the fictitious name of  *(specify):*

    c. ☐ as occupant.

    d. ☐ On behalf of  *(specify):*

        under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

    a. Name:  **RONALD A. ACEVEDO C/O Nationwide Legal, LLC (12-234648)**

    b. Address:  **1609 James M. Wood Blvd., 2nd Fl  Los Angeles, CA 90015**

    c. Telephone number:  **(213) 249-9999**

    d. **The fee** for service was:  *$160.99*

    e. I am:

        (1) ☐ not a registered California process server.

        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

        (3) ☒ registered California process server:

            (i) ☐ owner    ☐ employee    ☒ **independent contractor.**

            (ii) Registration No.: **2014248382**

            (iii) County:  **LOS ANGELES**

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

        Date: **07/19/2016**

        **Nationwide Legal, LLC (12-234648)**
        **1609 James M. Wood Blvd., 2nd Fl**
        **Los Angeles, CA 90015**
        **(213) 249-9999**
        **www.nationwideasap.com**

                **RONALD A. ACEVEDO**                       (SIGNATURE)
             (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

| | | FOR COURT USE ONLY |
|---|---|---|
| Attorney or Party without Attorney:<br>BRYAN J. FREEDMAN, ESQ., SBN: 151990<br>FREEDMAN & TAITELMAN, LLP<br>1901 AVENUE OF THE STARS, SUITE 500<br>LOS ANGELES, CA 90067<br>TELEPHONE No.: (310) 201-0005     FAX No. (Optional): (310) 201-0045 | E-MAIL ADDRESS (Optional): | |

Attorney for: Plaintiff ERIC PODWALL

Ref No. or File No.:
1624.2

Insert name of Court, and Judicial District and Branch Court:
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES - CENTRAL DISTRICT

Plaintiff: ERIC PODWALL, ETC.

Defendant: WILLIAM "SMOKEY" ROBINSON, JR., ETC.

| AFFIDAVIT OF<br>REASONABLE DILIGENCE | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>BC627335 |
|---|---|---|---|---|

I, **RONALD A. ACEVEDO** , declare: I am a Registered Process Server and was retained to serve process in the above-referenced matter on the following person or entity: WILLIAM "SMOKEY" ROBINSON, JR., AN INDIVIDUAL as follows:
Documents:
 SUMMONS;COMPLAINT;CIVIL CASE COVER SHEET;CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT-UNLIMITED CIVIL CASE; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

I attempted personal service on the following dates and times with the following results:

| Date | Time | Results |
|---|---|---|
| 07/15/2016 | 01:30 pm | THE GIVEN ADDRESS IS A RESIDENCE. I MADE AN ATTEMPT TODAY AND I WAS ABLE TO GAIN ACCESS VIA GUARD ESCORT TO THE GATED RESIDENCE. I WAS ABLE TO GAIN ACCESS TO THE DOOR VIA GARDENER WHO GRANTED ACCESS INSIDE THE GATED HOME. THERE WAS NO ANSWER AT THE DOOR. GARDENER STATED THE MAIDS JUST LEFT AND ALSO STATED THAT HE RARELY EVER SEES THE SUBJECT AT HOME AND DOES NOT KNOW WHEN THE BEST TIME TO COME BACK. IN ORDER TO LET IN VIA OCCUPANTS OR WORKERS IF POSSIBLE. I ALSO SPOKE TO THE GATE GUARD WHO STATED THAT THERE IS NO ACCESS TO THE RESIDENCE AFTER 5PM, EVEN IF I WAS A PROCESS SERVER. NO ONE IS ALLOWED INSIDE UNLESS AUTHORIZED BY OCCUPANT. IT WILL BE DIFFICULT TO FIND THE SUBJECT AT HIS RESIDENCE EVEN IF WE GAIN ACCESS BEFORE 5PM SINCE THE RESIDENCE IS GATED ONCE YOU PASS THE GATE GUARD. at: (Home) - 22636 ZALTANA STREET,  CHATSWORTH, CA 91311 |
| 07/16/2016 | 08:50 am | I WAS ABLE TO GAIN ACCESS TO THE GATED RESIDENCE. AT THE RESIDENCE THERE WAS NO ACCESS. RANG THE INTERCOM BUT GOT NO RESPONSE. NOTICED SOME WORKERS WASHING THE CARS BUT THEY WOULD NOT RESPOND TO ME AT THE GATE. THERE WAS ALSO A DOG BARKING BUT STILL NO RESPONSE AT THE GATE. NOTICED SEVERAL CAMERAS AROUND THE GATE, ALSO UNABLE TO GAIN ACCESS TO THE DOOR. at: (Home) - 22636 ZALTANA STREET,  CHATSWORTH, CA 91311 |
| 07/16/2016 | 05:36 pm | I SPOKE TO THE SECURITY AT THE GATE WHO STATED THERE WAS NO ACCESS ALLOWED AT THIS TIME. HE CALLED THE RESIDENCE AND GOT NO ANSWER. UNABLE TO GAIN ACCESS. AS PER CLIENT INSTRUCTIONS, SUB-SERVED THE GUARD. at: (Home) - 22636 ZALTANA STREET,  CHATSWORTH, CA 91311 |

NATIONWIDE LEGAL

County:  **LOS ANGELES**
Registration No.:  **2014248382**
Nationwide Legal, LLC (12-234648)
1609 James M. Wood Blvd., 2nd Fl
Los Angeles, CA 90015
(213) 249-9999
www.nationwideasap.com

I declare under penalty of perjury that the foregoing is true and correct.  This declaration was executed on 07/19/2016.

Signature: _Ronald A. Acevedo_

RONALD A. ACEVEDO

**AFFIDAVIT OF REASONABLE DILIGENCE**

Order#: 873364CR/DilFormat.mdl

| Attorney or Party without Attorney:<br>BRYAN J. FREEDMAN, ESQ., SBN: 151990<br>FREEDMAN & TAITELMAN, LLP<br>1901 AVENUE OF THE STARS, SUITE 500<br>LOS ANGELES, CA 90067<br>TELEPHONE No.: (310) 201-0005     FAX No. (Optional): (310) 201-0045<br>Attorney for: Plaintiff ERIC PODWALL | FOR COURT USE ONLY |
|---|---|
| E-MAIL ADDRESS (Optional): | |

| Ref No. or File No.: |
|---|
| 1624.2 |

| Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES - CENTRAL DISTRICT |
|---|

| Plaintiff: ERIC PODWALL, ETC. |
|---|
| Defendant: WILLIAM "SMOKEY" ROBINSON, JR., ETC |

| PROOF OF SERVICE<br>BY MAIL | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>BC627335 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action.  I am employed in the county where the mailing occured.

2. I served copies of the SUMMONS;COMPLAINT;CIVIL CASE COVER SHEET;CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT-UNLIMITED CIVIL CASE; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at LOS ANGELES, California, addressed as  follows:

    a. Date of Mailing:               July 18, 2016

    b. Place of Mailing:           LOS ANGELES, California

    c. Addressed as follows:     WILLIAM "SMOKEY" ROBINSON, JR., AN INDIVIDUAL
                                  22636 ZALTANA STREET
                                  CHATSWORTH, CA 91311

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be  deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at LOS ANGELES, California in the ordinary course of  business.

Fee for Service:

**Nationwide Legal, LLC (12-234648)**
**1609 James M. Wood Blvd., 2nd Fl**
**Los Angeles, CA 90015**
**(213) 249-9999**
**www.nationwideasap.com**

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on July 19, 2016.

Signature: _____

**ANGELA MARTIROSYAN**

## PROOF OF SERVICE BY MAIL

Order#: 873364CR/mailproof

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**  WILLIAM "SMOKEY" ROBINSON, JR., an
**(AVISO AL DEMANDADO):** individual

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
Superior Court of California
County of Los Angeles

**JUL 15 2016**

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Moses Soto

**YOU ARE BEING SUED BY PLAINTIFF:**  ERIC PODWALL, an individual
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Los Angeles Superior Court
111 N. Hill St.
Los Angeles 90012-3014

**CASE NUMBER:**
*(Número del Caso):* **BC 6 2 7 3 3 5**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bryan J. Freedman, Esq. (SBN: 151990)/Jordan Susman, Esq. (SBN: 246116)   (310) 201-0005   (310) 201-0045
Freedman + Taitelman, LLP
1901 Avenue of the Stars, Suite 500
Los Angeles, CA 90067

DATE:                            **SHERRI R. CARTER**   Clerk, by _____ **M. Soto** , Deputy
*(Fecha)* **JUL 15 2016**                               *(Secretario)*                                       *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

[SEAL] SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I am over the age of 18 years, not a party to the action, and am employed by The Law Office of George Moschopoulos, APC, 34197 Pacific Coast Hwy., Suite 100, Dana Point, California 92629.

On the <u>August 15, 2016</u>, I served a copy of:

**DEFENDANT'S NOTICE OF REMOVAL; DEFENDANT'S CERTIFICATE OF  INTERESTED PARTIES; DEFENDANT'S NOTICE OF RELATED CASES; DECLARATION OF WILLIAM "SMOKEY" ROBINSON, JR.; & DECLARATION OF GEORGE MOSCHOPOULOS, ESQ.**

via the means described below, on the following individuals and entities:

> Mr. Bryan Freedman, Esq.
> Mr. Jordan Susman, Esq.
> **FREEDMAN + TAITELMAN, LLP**
> 1901 Avenue of the Stars, Suite 500
> Los Angeles, CA 90067
> Attorneys for Plaintiff
> ERIC PODWALL

___**X**___    (By Mail): I placed true and correct copies of the attached in a sealed envelope with postage prepaid, first class, for collection and mailing following our ordinary business practices.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on August 15, 2016 at Dana Point, California.

_____
George Moschopoulos

- i -

**CERTIFICATE OF SERVICE**
*[Podwall v. William "Smokey" Robinson, Jr.]*