1
2
3
4
5
6
7
8
9
10

**O**

# United States District Court
# Central District of California

| | |
|---|---|
| ERIC PODWALL,<br><br>             Plaintiff,<br><br>       v.<br><br>WILLIAM "SMOKEY" ROBINSON, JR.,<br><br>             Defendant. | Case № 2:16-cv-06088-ODW (AGRx)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [87]** |

## I.    INTRODUCTION

In this breach of contract action, Plaintiff Eric Podwall seeks to recover unpaid commissions from Defendant William "Smokey" Robinson, Jr. pursuant to a written agreement.  (*See* First Am. Compl. ("FAC"), ECF No. 52.)  Pending before the Court is Robinson's Motion for Summary Judgment ("Motion").  (Mot. Summ. J. ("Mot."), ECF No. 87.)  For the reasons that follow, the Court **DENIES** Robinson's Motion.[1]

## II.    BACKGROUND

Robinson is a well-known musician who has been in the music business for decades.  (FAC ¶ 1.)  Podwall is a personal manager who has also worked in the entertainment industry for decades.  (Pl.'s Statement of Genuine Disputes ("PSGI") &

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

Add'l Material Facts ("PAMF") 12, ECF No. 91.)[2]  In September 2012, Podwall and Robinson entered into a written letter agreement, which Podwall refers to as a "management agreement."  (AMF 15; *see also* FAC ¶ 8, Ex. 1 ("Agreement").)  The Agreement provides, among other things, that Podwall would receive "[t]en percent of gross compensation derived from all products of [Robinson's] services" for the period of the Agreement.  (Agreement ¶ 2.)  This excludes live engagements booked before the date of the Agreement and performed before June 1, 2013.  (*Id.*)  Podwall asserts that Robinson sent him a letter terminating the Agreement in December 2015 and has failed to pay commissions Podwall is owed.  (FAC ¶¶ 15, 22; PAMF 22, 132.)[3]

Podwall filed this action to recover unpaid commissions under the Agreement for more than one hundred performances.  (*See* FAC ¶ 14.)  Podwall asserts causes of action for breach of contract, quantum meruit, and accounting.  (FAC ¶¶ 23–38.)  After a long and winding procedural history involving two stays pending referrals to the California Labor Commissioner ("CLC") regarding issues under the California Talent Agency Act ("TAA"), Robinson renews his motion for summary judgment on all of Podwall's claims.  (*See* Mot. 1–4; *see also* Min. Order, ECF No. 145.)

## III.   LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).  A disputed fact is "material" if the resolution of that fact might affect the

---

[2] The Court **OVERRULES** all boilerplate objections and improper argument in the parties' Statements of Facts and of Genuine Issues.  (*See* Scheduling & Case Mgmt. Order 7–9, ECF No. 47.)  Further, where the objected evidence is unnecessary to the resolution of the Motion or supports facts not in dispute, the Court need not resolve those objections here.  To the extent the Court relies on objected-to evidence in this Order, those objections are **OVERRULED**.  *See Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1122 (E.D. Cal. 2006) (proceeding with only necessary rulings on evidentiary objections).

[3] Sealed versions of redacted documents cited herein may be found at ECF Nos. 110–14.

1  outcome of the suit under the governing law, and the dispute is "genuine" if "the

2  evidence is such that a reasonable jury could return a verdict for the nonmoving

3  party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Conclusory or

4  speculative testimony in affidavits is insufficient to raise genuine issues of fact and

5  defeat summary judgment. *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738

6  (9th Cir. 1979).  Moreover, though the Court may not weigh conflicting evidence or

7  make credibility determinations, there must be more than a mere scintilla of

8  contradictory evidence to survive summary judgment.  *Anderson*, 477 U.S. at 255;

9  *Addisu*, 198 F.3d at 1134.

10  Once the moving party satisfies its burden, the nonmoving party cannot simply

11  rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a

12  material issue of fact precludes summary judgment.  *See Celotex Corp. v. Catrett*,

13  477 U.S. 317, 322–23 (1986); *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S.

14  574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics*, *Inc.*,

15  818 F.2d 1466, 1468 (9th Cir. 1987).  Nor will "uncorroborated and self-serving"

16  testimony create a genuine issue of material fact.  *Villiarimo v. Aloha Island Air, Inc.*,

17  281 F.3d 1054, 1061 (9th Cir. 2002).  The court should grant summary judgment

18  against a party who fails to demonstrate facts sufficient to establish an element

19  essential to its case when that party will ultimately bear the burden of proof at trial.

20  *See Celotex*, 477 U.S. at 322.

21  Pursuant to the Local Rules, parties moving for summary judgment must file a

22  proposed "Statement of Uncontroverted Facts and Conclusions of Law" that sets out

23  "the material facts as to which the moving party contends there is no genuine dispute."

24  C.D. Cal. L.R. 56-1.  A party opposing the motion must file a "Statement of Genuine

25  Disputes" setting forth all material facts as to which it contends there exists a genuine

26  dispute.  C.D. Cal. L.R. 56-2.  "[T]he Court may assume that the material facts as

27  claimed and adequately supported by the moving party are admitted to exist without

28  controversy except to the extent that such material facts are (a) included in the

'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." C.D. Cal. L.R. 56-3.

## IV. DISCUSSION

Robinson moves for summary judgment on three grounds: (1) Podwall failed to provide notice of breach and an opportunity to cure as required by the Agreement; (2) Podwall did not disclose damages in his initial disclosures and cannot prove damages; and (3) Podwall cannot prove his quantum meruit claim. (MSJ 1–4.)[4]

### A. BREACH OF CONTRACT—NOTICE AND CURE PROVISION

Courts may interpret contracts on a summary judgment motion when the interpretation does not rely on inadmissible extrinsic evidence. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 990 (9th Cir. 2006). The fundamental goal of contract interpretation is to "give effect to the mutual intent of the parties as it existed at the time of contracting." *Id.* Where "contractual language is clear and explicit and does not involve an absurdity, the plain meaning governs." *Am. Alt. Ins. Corp. v. Superior Court*, 135 Cal. App. 4th 1239, 1245 (2006). A contract provision requiring notice and an opportunity to cure "give[s] the allegedly breaching party an opportunity to cure its breach." *Sigwart v. U.S. Bank*, 713 F. App'x 535, 537 (9th Cir. 2017); *Keysight Techs., Inc. v. Mentor Graphics Corp.*, C 17-1456-SBA, 2017 WL 7310781, at *6 (N.D. Cal. Sept. 28, 2017).

The Agreement contains the following Notice and Cure provision: "If I [sic] either of us feel the other has breached this agreement, the aggrieved party will notify the other and the other will have 30 days to cure the problem." (Agreement ¶ 5; *see* Def.'s Statement of Uncontroverted Facts ("DSUF") 1, ECF No. 87-2; PSGI 1.) Robinson contends Podwall "failed to provide the required notice and opportunity to

---

[4] Robinson initially raised defenses based on the TAA but has since expressly waived any such defenses. (*See* Joint Status Report 2, ECF No. 144.) Accordingly, the Court considers only the three non-TAA-related grounds raised in Robinson's Motion. (*See* Min. Order 2.) Relatedly, Podwall's request for judicial notice is denied as moot for the purposes of this Order, as the documents therein relate to the CLC proceedings. (Req., ECF No. 93.)

cure for any supposed 'breaches'" because Podwall did not send Robinson invoices for the claimed commissions. (Mot. 5, 8; *see* DSUF 2–4.) Essentially, Robinson argues Podwall was required to provide written notice of breach as to each specific commission claimed. The plain language of the provision does not require this level of detail, nor does it require any specific form of notice. Rather, the Notice and Cure provision requires only that one party "notify the other" to give the other thirty days to "cure the problem." (*See* Agreement ¶ 5.) As such, the absence of invoices or written notices for specific disputed commissions does not defeat Podwall's contract claim.

In any event, Podwall raises a genuine dispute of fact regarding whether he provided Robinson notice of the breach and an opportunity to cure before filing this action. Podwall submits declaration and deposition testimony establishing that he spoke with Robinson about paying the unpaid commissions on numerous occasions, beginning in 2013 and continuing through 2015. (*See* PSGI 4 (first citing Decl. Eric Podwall ("Podwall Decl.") ¶¶ 16–33, ECF No. 95; and then citing Decl. Jesse Kaplan ("Kaplan Decl.") Ex. 17 ("Podwall Dep.") *passim*, ECF Nos. 94, 94-17).) Robinson objects broadly to Podwall's declaration as self-serving and uncorroborated, among other things, but does not object to Podwall's deposition testimony. (*See* Def.'s Evid. Obj., ECF No. 107-2.) Podwall testified at length that he notified Robinson of the breach. For instance, he testified he told Robinson that, "[O]ur contract stipulated that after a specific date, that I was owed money from touring, so it was more that--'The contract kicked in. You owe me money from touring starting in June of 20 . . . 2013,'" and that Robinson owed him "10 percent of touring, as pursuant to our contract." (*See, e.g.*, Podwall Dep. 95:20–96:10; *see also* PAMF 27–71.)

Robinson hotly contests this testimony but, by citing his own deposition in rebuttal, Robinson succeeds only in confirming a genuine factual dispute. (*See* Def.'s Combined Statement of Facts 27–71, ECF No. 107-1 (citing Robinson's deposition to support disputed fact).) Robinson's testimony corroborates the existence of numerous conversations between Robinson and Podwall. (*See, e.g.*, Second Decl. Rhonda H.

Wills Ex. 7 ("Robinson Dep.") 93–94, 99, 117–18, 150, 179–80, ECF No. 107-4). However, in Robinson's version, Robinson told Podwall from the very beginning that he "would never get any of [my touring money], he's not entitled to that." (Robinson Dep. 93:25–94:1; *see also id.* 117:23–118:2 ("[H]e knows that I'm not stupid enough to bring him in and give him money off of my concerts and stuff like that . . . or any other source of income that I had before I met him.").) The evidence before the Court establishes that numerous conversations occurred; the parties just dispute what was said. The Court may not resolve such a credibility dispute on summary judgment. *See Anderson*, 477 U.S. at 255 ("Credibility determinations . . . are jury functions.").

Viewing the disputed facts in Podwall's favor, a reasonable jury could find he complied with the Notice and Cure provision. Therefore, Robinson is not entitled to summary judgment on this basis.

## B.   ALL CAUSES OF ACTION—DAMAGES

Podwall's claims require a showing of damages. *See Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990), as modified on denial of reh'g (Oct. 31, 2001) (listing the plaintiff's damages as an element of breach of contract claim); *Day v. Alta Bates Med. Ctr.*, 98 Cal. App. 4th 243, 249 (2002) ("The measure of recovery in *quantum meruit* is the reasonable value of the services rendered . . . ."); *Kritzer v. Lancaster*, 96 Cal. App. 2d 1, 7 (1950) (stating that a claim for accounting requires a balance due to the plaintiff). Accordingly, Federal Rule of Civil Procedure 26 ("Rule 26") required Podwall to disclose, to the extent reasonably possible, "a computation of each category of damages claimed . . . [and] the documents or other evidentiary material . . . on which each computation is based." Fed. R. Civ. P. 26(a)(1)(A)(iii) (initial disclosures), (e) (supplementing disclosures).

Robinson contends Podwall "wholly failed to provide any computation of damages" in his Rule 26 disclosures and also failed to produce evidence of the sought damages. (Mot. 16–18.) Robinson's argument is readily dispatched. First, Podwall

provided the following computation of damages in both his initial and supplemental Rule 26 disclosures:

> Podwall seeks unpaid commissions. Pursuant to the Management Agreement, Defendant was to pay Podwall ten percent of Defendant's "gross compensation derived from all products of [Defendant's] services." [Citation]. Accordingly, Podwall's damages equal ten (10%) percent of Defendant's gross compensation during the relevant timeframe, minus any amount(s) already paid.

(Decl. Rhonda H. Wills Exs. 4, 5, ECF Nos. 87-7, 87-8.)  These disclosures provide a reasonable basis for computing Podwall's damages.  *See* Fed. R. Civ. P. 26; *see also GHK Assocs. v. Mayer Grp., Inc.*, 224 Cal. App. 3d 856, 874 (1990) (finding "some reasonable basis of computation of damages" is all the law requires, especially if the defendant's wrongful acts created the difficulty in proving a specific amount).

Podwall also disclosed documents in discovery to which this computation may be applied.  (*See* Opp'n 22–23, ECF No. 90.)  He produced a spreadsheet his company created contemporaneously to track Robinson's performances during the relevant period, listing Robinson's fee and the associated 10% commission.  (Decl. Paul George ¶ 7, Ex. 33 ("Robinson Spreadsheet"), ECF Nos. 96, 96-1.)  He produced his company's financial register listing all payments received from Robinson.  (Podwall Decl. ¶ 37, Ex. 32 ("Podwall Register"), ECF No. 95-4; *see also* Kaplan Decl. ¶ 24.)  Robinson clearly received these documents, as his counsel questioned Podwall about them extensively in deposition.  (*See generally* Podwall Dep.)  Podwall also obtained, through third party subpoenas, Robinson's bookkeeping information including deposits on the relevant performances; this information was disclosed to all parties.  (Kaplan Decl. ¶¶ 16–17, 22, Exs. 23–27 ("Stern Ledgers"), ECF Nos. 94-23–94-27.)  In light of this information, from which simple math produces quantifiable sums, no reasonable jury could find Podwall failed to disclose his damages.

Viewing the disputed facts in Podwall's favor, Podwall submits documents and testimony from "which a finder of fact could reasonably conclude that [he] actually

1  suffered damages, caused by [Robinson], in a[] quantifiable amount." *McGlinchy v.*
2  *Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988).   Therefore, Robinson is not
3  entitled to summary judgment on this basis.

4  **C.   QUANTUM MERUIT**

5      "Quantum meruit (or quasi-contract) 'is an equitable remedy implied by the law
6  under which a plaintiff who has rendered services benefitting the defendant may
7  recover the reasonable value of those services when necessary to prevent unjust
8  enrichment of the defendant.'"   *Swafford v. Int'l Bus. Machs. Corp.*, 408 F. Supp.
9  3d 1131, 1149 (N.D. Cal. 2019) (quoting *In re De Laurentiis Ent. Grp., Inc.*, 963 F.2d
10 1269 (9th Cir. 1992)).   "To prevail on a claim for quantum meruit, [a plaintiff] must
11 show: (1) that he performed certain services for [the defendant]; (2) that the services
12 were rendered at [the defendant's] request; and (3) that they are unpaid." *Id.*; *see also*
13 *Pac. Bay Recovery, Inc. v. Cal. Physicians' Servs., Inc.*, 12 Cal. App. 5th 200, 214–15
14 (2017) ("[A] plaintiff must establish both that he or she was acting pursuant to . . . [a]
15 request for such services from the defendant and that the services rendered were
16 intended to and did benefit the defendant." (emphasis omitted)).

17     Robinson argues that Podwall "cannot establish the elements of his quantum
18 meruit claim" and therefore his "quantum meruit claim fails as a matter of law."
19 (Mot. 18.)   That is all.   He provides no argument or analysis beyond this cursory
20 conclusion.   (*See id.*; *see generally* Reply, ECF No. 107.)   Robinson's half-hearted
21 hand-wave is reason enough to deny summary judgment as to this claim; the Court
22 will not manufacture Robinson's legal arguments for him.   *See, e.g.*, *W. Radio Servs.*
23 *Co. v. Qwest Corp.*, 678 F.3d 970, 979 (9th Cir. 2012) ("We will not do an appellant's
24 work for it, either by manufacturing its legal arguments, or by combing the record on
25 its behalf for factual support."); *see also United States v. Graf*, 610 F.3d 1148, 1166
26 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the
27 record or to case authority are generally deemed waived.").

28

Nevertheless, Podwall raises genuine issues of material fact as to Robinson's challenge to the quantum meruit claim. Podwall submits declaration and deposition testimony that he performed services for Robinson, (PAMF 18–21), at Robinson's request, (PAMF 14, 22), for which he would typically be paid 10–15% commission, a standard rate in the industry, (PAMF 12–13), and he has not received payment from Robinson for the services provided, (Podwall Decl. ¶¶ 35–37; Podwall Register). Thus, even considering Robinson's unsupported conclusion on this claim, Podwall submits evidence from which a reasonable finder of fact could find in his favor on a claim for quantum meruit. Accordingly, Robinson is not entitled to summary judgment on this basis.

## V.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Robinson's Motion for Summary Judgment. (ECF No. 87.) The parties shall submit a Joint Report proposing dates for a jury trial and final pretrial conference by **October 12, 2021**.

**IT IS SO ORDERED.**

September 28, 2021

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

9