FILED
CLERK, U.S. DISTRICT COURT

8/14/23

CENTRAL DISTRICT OF CALIFORNIA
BY: SE  DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

Case No. CV 16-06088-ODW(AGR)          Date: 08/14/23

JURY NOTE NUMBER  2

____  THE JURY HAS REACHED A UNANIMOUS VERDICT

 X   THE JURY REQUESTS THE FOLLOWING:

Clarification on affirmative defenses: do the affirmative defenses pertain only to Defendant's obligation to pay commissions on Defendant's live performances, or do they also pertain to Defendant's obligation to pay other types of commission (e.g., commissions on the ~~advances paid on the~~ Verve advances)?

SIGNED: Redacted
FOREPERSON OF THE JURY

| | |
|---|---|
| 1 | BREACH OF CONTRACT—INTRODUCTION |

Plaintiff Podwall claims that he and Defendant Robinson entered into a contract for certain management services.

Plaintiff Podwall claims that Defendant Robinson breached this contract by failing to pay Plaintiff Podwall as required by the contract.

Plaintiff Podwall also claims that Defendant Robinson's breach of this contract caused harm to Plaintiff Podwall for which Defendant Robinson should pay.

Defendant Robinson denies Plaintiff Podwall's claims. Defendant Robinson also claims that Podwall's breach of contract claim is barred in whole or in part by the following affirmative defenses: mistake, waiver and estoppel.

AFFIRMATIVE DEFENSE - WAIVER

Defendant Robinson claims that he did not have to pay commissions on his live performances because Plaintiff Podwall gave up his right to have Robinson perform this obligation. This is called a "waiver."

To succeed, Robinson must prove both of the following by clear and convincing evidence:

1. That Podwall knew Robinson was required to pay commissions on Robinson's live performances; and

2. That Podwall freely and knowingly gave up his right to have Robinson perform this obligation.

A waiver may be oral or written or may arise from conduct that shows that Podwall gave up that right.

If Robinson proves that Podwall gave up his right to Robinson's performance of his contractual obligation to pay commissions on live performances, then Robinson was not required to perform this obligation.

## ESTOPPEL

Defendant Robinson claims that Plaintiff Podwall's breach of contract and quantum meruit claims are barred by the affirmative defense of estoppel. To establish this defense, Robinson must prove the following:

1. Podwall knew Robinson was required to pay commissions on live performances under the contract and that Podwall intended to preserve his right to collect such commissions from Robinson;

2. Podwall intended that his conduct would be acted upon by Robinson, or that Podwall acted so that Robinson had the right to believe that it was so intended. In particular, that Podwall caused Robinson to believe Robinson would not be required to pay commissions on live performances that Podwall did not procure or otherwise generate for Robinson;

3. Robinson did not know that Podwall intended to preserve his right to collect commissions on Robinson's live performances; and

4. Defendant Robinson relied upon Podwall's conduct to his injury.

UNILATERAL MISTAKE

Defendant Robinson claims that there was no contract because he was mistaken about whether the written contract had been changed to state that Podwall would not be entitled to collect commissions on Robinson's live performances that Podwall did not procure or otherwise generate for Robinson. To succeed, Robinson must prove all of the following:

1. That Robinson was mistaken about whether before he signed the contract, the contract had been changed to state that Podwall would not be entitled to collect commissions on Robinson's live performances that Podwall did not procure or otherwise generate for Robinson;

2. That Podwall knew Robinson was mistaken and used that mistake to take advantage of him;

3. That Robinson's mistake was not caused by his excessive carelessness; and

4. That Robinson would not have agreed to enter into the contract if he had known about the mistake.

If you decide that Robinson has proved all of the above, then no contract was created.